LAW OFFICES OF ALLEN A. KOLBER, ESQ.  Hearing Date: March 27, 2020
Attorneys for Debtors  Hearing Time: 10:00 a.m.
134 Rt. 59, Suite A
Suffern, NY 10901
(845) 918-1277
Allen A. Kolber, Esq. (AK0243)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
_____x
In Re:  Chapter 11

**AARON BROWN**  Case No. 19-23581(rdd)

**Debtor.**
_____x

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§506(a)
AND 506(d) DETERMINING THE AMOUNT OF SECURED CLAIM #10 OF U.S. BANK
TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST WITH
RESPECT TO INVESTMENT PROPERTY LOCATED AT 34 CLINTON STREET,
SPRING VALLEY, NY 10977
AND OBJECTING TO CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 3007**

**S I R S:**

**PLEASE TAKE NOTICE** that the upon the annexed Affidavit of Debtor AARON BROWN, and his attorney, Allen A. Kolber, Esq., and all Exhibits therein, seeking the entry of an Order pursuant to 11 U.S.C. §§ 506(a), 506(d) and 502 (a)(1). and Federal Rule of Bankruptcy Procedure 3007, a hearing will be held on **March 27, 2020, at 10:00 a.m.** before the Honorable D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, as follows:

(a) Valuing the secured lien held by U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST against the Debtor's real property located at 34 Clinton Street, Spring Valley, NY 10977 at $314,874.00 and

(b) Reclassifying the unsecured claim of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST at $461,769.41, and

(c) for such other and further relief as to this Court may seem just and proper

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief Debtor seeks to obtain must be in writing, conform to the requirements of the Bankruptcy code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served no later than three (3) business days prior to the hearing date ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the return date of this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-182, any objection filed by parties with representation shall be filed on or before the objection Deadline (i) through the Bankruptcy Court's Electronic Filing System which may be accessed at the Bankruptcy Court's internet web at http://www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion.

**PLEASE TAKE FURTHER NOTICE** that any party that is either without legal representation, or that is unable to file documents electronically or create documents in PDF format, shall file its objection on or before the objection Deadline in either Word, WordPerfect or DOS text (ASCII) format on 3-1/2" floppy diskette in an envelope clearly marked with the case name, case number, type and title of document, document number of the document to which the objection refers and the file name of the documents.

**PLEASE TAKE FURTHER NOTICE** that a "hard copy" of any objections must be hand delivered to the Chambers of the Honorable Robert D. Drain at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must be served in accordance with the provisions of General Order M-182 so that they are received on or before the Objection Deadline by The Law Offices of Allen A. Kolber, Esq., 134 Rt. 59, Suite A, Suffern, NY  10901

Dated: Rockland County, New York
         January 6, 2020

        */s/* <u>Allen A. Kolber</u>
        ALLEN A. KOLBER, ESQ.
        Attorney for Debtor Aaron Brown
        134 Route 59, Suite A
        Suffern, NY 10901
        (845) 918-1277

TO:   Susan A. Arbeit, Esq.
      U.S. Trustee's Office
      U.S. Federal Office Building
      201 Varick St., Room 1006
      New York, NY 10014

      Kevin T. MacTiernan, Esq.
      COHN & ROTH, LLC
      Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust
      100 E. Old Country Road
      Mineola, NY 11501

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **Hearing Date: March 27, 2020** |
| **SOUTHERN DISTRICT OF NEW YORK** | **Hearing Time: 10:00a.m.** |

_____x

**In Re:**

| | |
|---|---|
| **AARON BROWN ,** | **Chapter 11** |
| | **Case No. 19-23581(rdd)** |
| **Debtor.** | |

_____x

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

> **DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§506 AND 506(d) DETERMINING THE AMOUNT OF SECURED CLAIM #10 OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST WITH RESPECT TO INVESTMENT PROPERTY LOCATED AT 34 CLINTON STREET, SPRING VALLEY, NY 10977**
>
> **AND OBJECTING TO CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007**

Debtor AARON BROWN, by his attorney of record, Allen A. Kolber, Esq., and in support of his Motion to determine the secured status of a mortgage loan on Debtor's Investment Property, states as follows:

**Factual Allegation:**

1. The Debtor filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code on September 5, 2019.

2. The Debtor is the owner of certain real property located at 34 CLINTON STREET, SPRING VALLEY, NY 10977 ("the Property"), and maintains this property as an investment property.

3. A copy of the Deed is annexed hereto as Exhibit "A".

**Mortgage on the Investment Property:**

5. At the time of the filing of the Petition herein, said property was encumbered by a mortgage in favor of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("U.S. BANK TRUST, N.A.") with an alleged balance of $776,643.41 (See Proof of

Claim #10 filed by U.S. BANK TRUST, N.A., showing a balance due of $776,643.41 at the time of the bankruptcy filing.)

6. In Debtor's prior Chapter 13 Bankruptcy, Case No. 18-22338, U.S. Bank Trust, N.A. filed a Motion to Lift the Automatic Stay (ECF Doc. #35) that attached an affidavit by Melba Arredondo, Assistant Vice-President of Caliber Home Loans (the servicer for U.S. Bank Trust), who has sworn to the fact that the market value of the real property is $314,874.00. (See attached Affidavit annexed hereto as Exhibit "B".

7. The U.S. Bank. mortgage on the home exceeds the appraised value on the Investment Property by $461,769.41.

**Fair market Value of Investment Real Estate:**

**8. Based on the foregoing sworn affidavit and judicial admission of U.S. Bank Trust, N.A., the fair market value of the Investment Property is $314,874.00.**

**The Mortgage and Judgment lien held by U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust should be bifurcated into a secured claim of $314,874.00. and an unsecured claim of $461,769.41.**

9. Section 506(a) of the United States Bankruptcy Code provides, in pertinent part:

> "(a)    An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim . . . . Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. "   11 U.S.C. § 506(a).

10. Section 506(d) of the United States Bankruptcy Code provides, in pertinent part:

> "(d)    To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . ."

11. In the instant case, secured claim #10 of U.S. BANK TRUST, N.A. relating to the Investment Property should be bifurcated into a secured claim and lien of $314,874.00 and an unsecured

claim of $461,769.41 (*see* 11 U.S.C. § 506(a) and *In re Thompson*, 352 F.3d 419 (2d Cir. 2003).

12. The facts and circumstances set forth herein do not present novel issues of fact or law and Debtors respectfully request the Court to waive the requirement of filing a Memorandum of Law.

**WHEREFORE**, it is respectfully requested that Debtor's relief be granted in full and for such other and further relief that this Court may deem just and proper.

Dated: Rockland County, New York
January 6, 2020

                                      LAW OFFICES OF ALLEN A. KOLBER, ESQ.

                                      By:  /s/ *Allen A. Kolber*
                                          Allen A. Kolber (AK0243)
                                          Attorneys for Debtor Aaron Brown
                                          134 Rt. 59, Suite A
                                          Suffern, NY  10901
                                          (845) 918-1277

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

| | |
|---|---|
| In Re: | Chapter 11 |
| AARON BROWN , | Case No. 19-23581(rdd) |
| Debtor. | |

_____x

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

## APPLICATION OF DEBTOR AARON BROWN

AARON BROWN, being duly affirmed, deposes and states under the penalties of perjury:

1. On September 5, 2019, I filed a Voluntary Chapter 11 Petition.

2. I reside at 58 North Cole Avenue, Spring Valley, NY 10977.

3. I own a house located at 34 CLINTON STREET, SPRING VALLEY, NY 10977 (the "Investment Property").  A copy of the Deed is annexed hereto as Exhibit "A".

**WHEREFORE**, I respectfully request that the Court grant my Motion to bifurcate Claim #10 of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST into a secured claim and lien of $314,874.00 and an unsecured claim of $461,769.41, and for such other and further relief as to this Court may seem just and proper.

                                                              */s/ AARON BROWN*
                                                              AARON BROWN

Affirmed before me this
January 6, 2020

*/s/ Allen A. Kolber*
NOTARY PUBLIC, State of New York
No. 02KO4972647
Qualified in Rockland County
Commission Expires December 29, 2022

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In Re:

AARON BROWN ,                                                           Chapter 11
                                                                        Case No. 19-23581(rdd)
                     Debtor.
_____x

**ORDER DETERMINING AMOUNT OF SECURED CLAIM #10 OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST. PURSUANT TO 11 U.S.C. §§ 506(a) AND (506(d) AND FED.R.BANKR.P. 3007 WITH RESPECT TO THE MORTGAGE ON INVESTMENT PROPERTY LOCATED AT
<u>34 CLINTON STREET, SPRING VALLEY, NY 10977                                </u>**

AARON BROWN (the "Debtor"), by his attorney, Allen A. Kolber, Esq., having served and filed a Motion dated **January 6, 2020** in support of an Application to determine the secured status of and to reclassify the lien of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST. on Debtor's Investment Property located at 34 CLINTON STREET, SPRING VALLEY, NY 10977 ("Investment Property"), and there being due and sufficient notice of the Motion and the hearing thereon; and upon the record of the hearing on the Motion; and there being no opposition to the Motion; and after due deliberation it appearing that the value of the Investment Property is $314,874.00 and that there is $314,874.00 of collateral securing the mortgage held by U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST., and due and sufficient cause appearing, it is hereby

**ORDERED**, that the Motion is granted and further;

**ORDERED** that the secured claim #10 of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST relating to the Investment Property should be bifurcated into a secured claim and lien of $314,874.00 and an unsecured claim of $461,769.41 (*see* 11 U.S.C. § 506(a) and *In re Thompson*, 352 F.3d 419 (2d Cir. 2003). If any amendment to such claim is filed that increases the amount of such claim, any such increase shall also be treated as an unsecured claim.

Dated: White Plains, New York
            _____, 2020                              _____
                                                                        HONORABLE ROBERT D. DRAIN
                                                                        UNITED STATES BANKRUPTCY JUDGE